**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 8 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

BILL LOVING,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA;
JANET RENO, Attorney General,

      Defendants-Appellees.

No. 97-6060
(D.C. No. 96-CV-141)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before TACHA, MCKAY, and BALDOCK, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff commenced this action for declaratory and injunctive relief, asserting that the Drivers Privacy Protection Act of 1994, see 18 U.S.C. §§ 2721-25 (Act), unconstitutionally infringes upon First Amendment freedoms. He appeals the district court's decision dismissing his claims without prejudice, see Fed. R. Civ. P. 12(b)(1), after concluding that the claims were not yet ripe for adjudication. We need not address the ripeness issue, however, because, upon our de novo review, see Committee to Save the Rio Hondo v. Lucero, 102 F.3d 445, 447 (10th Cir. 1996) (standing); Bateman v. City of W. Bountiful, 89 F.3d 704, 706 (10th Cir. 1996) (dismissal for lack of ripeness under Rule 12(b)(1)), we conclude that plaintiff lacks standing to pursue these claims. See Phelps v. Hamilton, No. 95-3251, 1997 WL 458202, at *3 (10th Cir. Aug. 12, 1997) (this court may raise issue of standing sua sponte); Wolfgang v. Mid-America Motorsports, Inc., 111 F.3d 1515, 1524 (10th Cir. 1997) (appellate court is free to affirm on any legal ground supported by record). We, therefore, affirm the dismissal.

A litigant seeking to invoke the power of the federal courts must establish his standing to do so. See, e.g., Phelps, 1997 WL 458202, at *3. In order to establish standing, plaintiff bears the burden of clearly alleging, see FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), "at an 'irreducible constitutional minimum,'" Phelps, 1997 WL 458202, at *16 (quoting Lujan v. Defenders of

Wildlife, 504 U.S. 555, 560 (1992)), that 1) he has suffered an injury in fact, 2) there is a causal connection between the injury and the conduct of which plaintiff complains, and 3) it is likely that the injury will be redressed by a favorable decision. See id. Plaintiff must do more than allege an abstract injury. See id. at *3. Rather, "he must show that he has sustained or is immediately in danger of sustaining some direct injury as a result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (quotations omitted); see also National Council for Improved Health v. Shalala, No. 95-4151, 1997 WL 452698, at *4 (10th Cir. Aug. 11, 1997) ("to establish injury in fact, a party must first and foremost establish an invasion of a legally protected interest that is concrete, particularized, and actual or imminent"). This is true even where, as in this case, plaintiff asserts a First Amendment challenge that a statute is facially overbroad. See Phelps, 1997 WL 458202, at *16-*17; National Council for Improved Health, 1997 WL 452698, at *2-*4. This plaintiff has failed to do.

Plaintiff has not alleged that he has suffered a concrete injury in fact. The Act, which does not even go into effect until September 13, 1997, see note following 18 U.S.C. § 2721, prohibits states, except in specifically enumerated situations, from releasing certain personal information, see 18 U.S.C. § 2725(3), contained in their motor vehicle records. See id. § 2721. Plaintiff has not alleged

with any particularity that his previous access to this information, see I R., doc. 2 at 2, para. 9, has been affected by this Act prior to its effective date. The Act specifically provides that, prior to its effective date, "personal information covered by this chapter may be released consistent with State law or practice." Note following 18 U.S.C. § 2721.

Nor has plaintiff sufficiently alleged that he is in imminent danger of suffering an actual, concrete injury. Although plaintiff "makes clear his intent to pursue the information made illegal by the [Act]," I R., doc. 6 at 3, and states that he "has used or will use the information which will be subject to the restraints imposed by the [Act]," id., doc. 7 at 14-15; see also Appellant's Opening Br. at 11-12, he fails to allege with any specificity or particularity any conduct he may undertake which would subject him to a credible threat of prosecution. See Phelps, 1997 WL 458202, at *17; National Council for Improved Health, 1997 WL 452698, at *5; see also Phelps, 1997 WL 458202, at *17 ("[E]ven '"some day" intentions -- without any description of concrete plans, or indeed even any specification of when the some day will be -- do not support a finding of the "actual or imminent" injury that our cases require.'") (quoting Lujan, 504 U.S.at 564).

The judgment of the United States District Court for the Western District of Oklahoma is, therefore, AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge